STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Brian Kekich, | Case Type: Employment |
| Plaintiff, | Case No.: _____ |
| vs. | **SUMMONS** |
| Populus Group, LLC, | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO DEFENDANT POPULUS GROUP, AT ITS REGISTERED OFFICE ADDRESS: 2345 RICE STREET SUITE 230, ROSEVILLE, MN 55113.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

   HALUNEN LAW
   1650 IDS Center
   80 South Eighth Street
   Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

EXHIBIT A

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 21, 2021                         **HALUNEN LAW**

                                             */s/ Blaine L.M. Balow*
                                             Blaine L.M. Balow, #0396370
                                             1650 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN 55402
                                             Telephone: (612) 605-4098
                                             Facsimile: (612) 605-4099
                                             balow@halunenlaw.com

                                             *ATTORNEYS FOR PLAINTIFF*

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Brian Kekich, | Court File No.:_____ |
| Plaintiff, | Case Type: 7 – Employment |
| vs. | |
| Populus Group, LLC, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

COMES NOW the plaintiff, Brian Kekich ("Plaintiff"), for his Complaint against Populus Group, LLC ("Defendant" or "PG"), and Michelle Fedorkiw ("Fedorkiw"), or, collectively ("Defendants") and hereby respectfully states and alleges as follows:

### PARTIES

1.    Plaintiff is a resident of the Saint Paul, County of Ramsey, State of Minnesota.

2.    Defendant Populus Group, LLC is a Michigan limited liability company with its principle place of business at 3001 West Big Beaver Road, Suite 400, Troy, Michigan 48084.

3.    At all times relevant to this lawsuit, Plaintiff and Defendant PG were "employee" and "employer," respectively, as those terms are defined in Minn. Stat. § 363A.03.

### JURISDICTION AND VENUE

4.    The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve state law.

5.    Venue is appropriate in Hennepin County because Defendant PG has a place of business located in St. Louis Park, Minnesota, and thus resides in Hennepin County for purposes of Minn. Stat. § 542.09.

**EXHIBIT B**

## FACTS

6.       Kekich, a gay man, began working for PG as its Customer Success Manager in June 2020.

7.       During his tenure at PG, Kekich reported directly to Defendant Fedorkiw, PG's Executive Director of Customer Success.

8.       Defendant Fedorkiw administered two "Quarterly Momentum Checks," covering on July 1, 2020 through July 30, 2020, and October 1, 2020 through December 31, 2020. As reflected by both reviews, Kekich was performing at or above expectations.

9.       On February 23, 2021, Kekich conducted a business review with a client; namely Target. During the meeting, the Target representatives inquired as to whether PG tracked various workforce demographics, including LGBTQ+ information. Fedorkiw responded that the Company "doesn't track sexual preference."[1]

10.       Although offended by Fedorkiw's discriminatory comment, Kekich remained composed and professional while managing to achieve all of the objectives of the meeting.

11.       Thereafter, Kekich called Maxwell Barry, a coworker and member of PG's Diversity and Inclusion Council, to explain that the term "sexual preference" was used in a meeting, and how and why it affected him. Barry replied that the Diversity and Inclusion Council needed to be more intentional about its work within the Company. Believing that he needed to do

---

[1] The American Psychological Association has long recognized that the term "sexual preference" is to be strictly avoided in scholarly writings because "the word preference suggests a degree of voluntary choice that is not necessarily reported by lesbians and gay men and that has not been demonstrated in psychological research." *See* Committee on Lesbian and Gay Concerns, American Psychological Association, *Avoiding Heterosexual Bias in Language*, American Psychologist, Vol. 46, Issue No. 9, 973-74 (1991). More recently, in 2020, the Merriam-Webster dictionary explicitly denominated the term "sexual preference" to be "offensive" due to "its implied suggestion that a person can choose who they are sexually or romantically attracted to." *See* https://www.merriam-webster.com/dictionary/sexual%20preference

his own part in educating his coworkers, Kekich requested a meeting with Fedorkiw to discuss her use of the term.

12.     On February 24, 2021, Kekich met with Fedorkiw and explained why the phrase "sexual preference" is offensive and discriminatory; specifically, it suggests that his sexual orientation, and that of other members of the LGBTQ+ community, is a matter of choice, as opposed to an immutable part of his very personhood and identity. Fedorkiw met this report with pushback and hostility.

13.     Two days later, Kekich and Fedorkiw held their weekly one-on-one meeting. Fearing that Fedorkiw would twist his words or the context of their above-described February 24 meeting, or that she would otherwise discipline him for engaging in protected conduct, Kekich felt the need to protect himself and record the conversation.

14.     On March 12, 2021, Kekich logged onto his weekly one-on-one Webex meeting with Fedorkiw, and was surprised to find HR Generalist Ethan Long waiting for him.

15.     During that meeting, Fedorkiw, with Long present, informed Kekich that he was being placed on a Performance Improvement Plan ("PIP").

16.     Suspecting that Fedorkiw and PG were retaliating against him for reporting his concerns about discrimination and the use of discriminatory language in the workplace, Kekich recorded the meeting.

17.     Kekich attempted to move forward positively; he signed the PIP, but continued to seek clarification given its subjective nature, and requested some information be changed.

18.     As the PIP period progressed, Kekich grew increasingly concerned that the PIP was a means to an end for PG. After receiving no meaningful clarification or guidance from Long, Kekich reached out to Karen Philbrick, PG's Vice President of Human Resources, on March 17,

3

2021, and reported his belief that he had been disciplined for speaking out against a discriminatory term that impacts a protected community of which he is a member.

19.    Philbrick claimed to be uninformed of the situation, and was unaware if the changes that Kekich requested had been made to his PIP.

20.    On March 18, 2021, Kekich had another conversation with Long regarding Kekich's proposed changes to his PIP, explaining that he wanted everyone to be on the same page and move forward productively.

21.    On March 19, 2021, in a follow up conversation with Philbrick and Long, Kekich mentioned that he recorded the above-described conversations with Fedorkiw on February 26 and with Fedorkiw and Long on March 12. He provided these recordings to Philbrick and left the meeting.

22.    PG fired Kekich on March 22, 2021, and followed up with a letter from Philbrick on March 24, 2021, stating that he was purportedly terminated for violating the Company's "Unauthorized Recording Policy."

## CLAIMS

### COUNT I
### REPRISAL DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

23.    Defendant PG, through its managers and officials acting on behalf of the Company and within the scope of their employment, and Defendant Fedorkiw, individually, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.15. These practices include, but are not limited to, terminating

Plaintiff's employment, which materially affected the terms, conditions, and privileges of his employment because of his reports of sexual orientation discrimination.

24.     The MHRA provides that "[i]t is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator [or] employer. . . to intentionally engage in any reprisal against any person because that person: (1) opposed a practice forbidden under this chapter. . ." Minn. Stat. § 363A.15(1).

25.     As set forth in detail above, during the course of his employment with PG, Kekich "opposed a practice forbidden" under the MHRA; specifically Defendants' sexual orientation discrimination.

26.     Plaintiff's reports of, and opposition to, Defendants' sexual orientation discrimination were motivating factors in his termination.

27.     Defendants failed to take all reasonable steps to prevent the retaliation based upon Plaintiff's reports of and opposition to sexual orientation discrimination from occurring.

28.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his reports of sexual orientation discrimination.

29.     Defendants engaged in the unlawful conduct described above intentionally and with reckless disregard for the rights of Plaintiff.

30.     As a direct and proximate result of Defendants' illegal conduct in violation of the MHRA, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

5

## COUNT II

### SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF
### THE MHRA

Plaintiff re-alleges each and every paragraph of this Complaint.

31.     Defendant PG, through its managers and officials acting on behalf of the Company and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the MHRA, Minn. Stat. § 363A.08. These practices include, but are not limited to, terminating Plaintiff's employment, which materially affected the terms, conditions, and privileges of his employment because of his sexual orientation.

32.     The MHRA provides that "it is an unfair employment practice for an employer, because of . . . sexual orientation . . . to . . . (3) discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment." Minn. Stat. § 363A.08, subd. 2(3).

33.     As set forth in detail above, Defendant PG discriminated against Kekich because of his sexual orientation in violation of the MHRA when it imposed adverse employment actions against him, including but not limited to placing him on a PIP and firing him.

34.     Plaintiff's sexual orientation was a motivating factor in his termination.

35.     Defendant PG failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's sexual orientation from occurring.

36.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting his status as an employee because of his sexual orientation.

37.     The unlawful employment practices complained above were intentional and were performed by Defendant PG with reckless disregard for the rights of Plaintiff.

38.     As a direct and proximate result of Defendant PG's illegal conduct in violation of the MHRA, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

a.     That the practices of Defendants complained of herein be adjudged, decreed, and declared to be violations of the rights secured to Plaintiff.

b.     That Defendants be required to make Plaintiff whole for their adverse, discriminatory actions through restitution in the form of back pay with interest of an appropriate inflation factor.

c.     That Plaintiff be awarded front pay and the monetary value of any employment benefits he would have been entitled to in his position with Defendant PG.

d.     That a permanent prohibitory injunction be issued prohibiting Defendants from engaging in the practices complained of herein.

e.     That Plaintiff be awarded compensatory damages in an amount to be established at trial.

f.     That Plaintiff be awarded treble damages and punitive as permitted by statute.

g.     That the Court award Plaintiff his attorneys' fees, costs, and disbursements pursuant to state law.

h.     That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.**

Dated:  June 21, 2021

**HALUNEN LAW**

*/s/ Blaine L.M. Balow*
Blaine L.M. Balow #0396370
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
*balow@halunenlaw.com*

***ATTORNEYS FOR PLAINTIFF***

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, sanctions, and reasonable attorneys' fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated:  June 21, 2021

*/s/ Blaine L.M. Balow*
Blaine L.M. Balow